UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SCOTT E. YOUMAN, SR., Individually and as Administrator of the Estate of PAULA J. YOUMAN and WILLIAM P. YOUMAN | : | |
| Plaintiff | : | |
| V. | : | C.A. NO. 05-535T |
| UNITED STATES OF AMERICA | : | |
| Defendant | : | |

**ANSWER**

The United States of America, by and through undersigned counsel, in answer to the complaint, states as follows:

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

All injuries and damages alleged by plaintiff were sustained without any negligence, fault, or want of care on the part of defendant.

**THIRD DEFENSE**

All injuries alleged by plaintiff as giving rise to this action were caused by the negligence or failure to exercise due care on the part of plaintiff.

**FOURTH DEFENSE**

In the event defendant is found to be negligent, which negligence defendant denies, the negligence of plaintiff contributed to causing the alleged injuries and any recovery must be

proportionally reduced.

**FIFTH DEFENSE**

Plaintiff's damages, if any proven, are limited to the amount claimed in the administrative claim pursuant to 28 U.S.C. § 2675(b).

**SIXTH DEFENSE**

Plaintiff has no right to a jury trial in this action. 28 U.S.C. § 2402.

**SEVENTH DEFENSE**

Plaintiff cannot recover attorneys' fees from the United States. 28 U.S.C. § 2412(d)(1)(A).

**EIGHTH DEFENSE**

Plaintiff is proscribed from recovering any amount for pre-judgment interest against the defendant. 28 U.S.C. § 2674.

**NINTH DEFENSE**

Defendant hereby reserves the right to plead all other affirmative defenses or any applicable state and federal statutes which through discovery or otherwise it learns may be applicable.

**TENTH DEFENSE**

In answer to the numbered paragraphs of plaintiff's Complaint, defendant responds as follows:

1. Paragraph 1 of plaintiff's Complaint contains plaintiff's characterization of this action, to which no response is required.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of plaintiff's Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of plaintiff's Complaint.

4. Defendant admits the averments in paragraph 4 of plaintiff's Complaint.

5. Defendant denies the averments in paragraph 5 of plaintiff's Complaint.

6. Defendant admits the averments in paragraph 6 of plaintiff's Complaint.

7. Defendant admits that Lisa M. Jones was employed by Thundermist Health Center, but denies the remaining averments in paragraph 7 of plaintiff's Complaint.

8. Defendant admits the averments in paragraph 8 of plaintiff's Complaint.

9. Defendant admits that Dr. Laurie A. Curry, M.D. was employed by Thundermist Health Center, but denies the remaining averments of paragraph 9 of plaintiff's Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 10 of plaintiff's Complaint.

11. Defendant denies the averments in paragraph 11 of plaintiff's Complaint.

12. This paragraph is a statement of jurisdiction to which no response is required, but if the Court deems that an answer is required, defendant admits the averments in paragraph 12 of plaintiff's Complaint.

**COUNT I - NEGLIGENCE**

13. Defendant repeats and incorporates the foregoing answers as if they were set forth here in their entirety.

14. Defendant admits the averments in paragraph 14 of plaintiff's Complaint.

15. Defendant denies the averments in paragraph 15 of plaintiff's Complaint.

16. Defendant denies the averments in paragraph 16 of plaintiff's Complaint.

The next paragraph, which is unnumbered, contains a prayer for relief. Insofar as a

response is required, defendant denies that plaintiff is entitled to any such relief.

**COUNT II - FAILURE TO OBTAIN INFORMED CONSENT**

17. Defendant repeats and incorporates the foregoing answers as if they were set forth here in their entirety.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 18 of plaintiff's Complaint.

19. Defendant denies the averments in paragraph 19 of plaintiff's Complaint.

20. Defendant denies the averments in paragraph 20 of plaintiff's Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21 of plaintiff's Complaint.

22. Defendant denies the averments in paragraph 22 of plaintiff's Complaint.

The next paragraph, which is unnumbered, contains a prayer for relief. Insofar as a response is required, defendant denies plaintiff is entitled to any such relief.

**COUNT III - LOSS OF CONSORTIUM**

23. Defendant repeats and incorporates the foregoing answers as if they were set forth here in their entirety.

24. Defendant denies the averments in paragraph 24 of plaintiff's Complaint.

The next paragraph, which is unnumbered, contains a prayer for relief. Insofar as a response is required, defendant denies Plaintiff is entitled to any such relief.

**COUNT IV - NEGLIGENCE**

25. Defendant repeats and incorporates the foregoing answers as if they were set forth here in their entirety.

26. Defendant admits the averments in paragraph 26 of plaintiff's Complaint.

27. Defendant denies the averments in paragraph 27 of plaintiff's Complaint.

28. Defendant denies the averments in paragraph 28 of plaintiff's Complaint.

The next paragraph, which is unnumbered, contains a prayer for relief. Insofar as a response is required, defendant denies plaintiff is entitled to any such relief.

**COUNT V - FAILURE TO OBTAIN INFORMED CONSENT**

29. Defendant repeats and incorporates the foregoing answers as if they were set forth here in their entirety.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30 of plaintiff's Complaint.

31. Defendant denies the averments in paragraph 31 of plaintiff's Complaint.

32. Defendant denies the averments in paragraph 32 of plaintiff's Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 33 of plaintiff's Complaint.

34. Defendant denies the averments in paragraph 34 of plaintiff's Complaint.

The next paragraph, which is unnumbered, contains a prayer for relief. Insofar as a response is required, defendant denies plaintiff is entitled to any such relief.

The remaining paragraph of the Complaint contains plaintiff's demand for a jury trial. Insofar as a response is required, pursuant to 28 U.S.C. § 2402, plaintiff is not entitled to a trial by jury in a cause of action under the Federal Tort Claims Act.

WHEREFORE, defendant respectfully requests that this Court enter judgment in its favor, dismissing the Complaint, awarding defendant its costs for defense of this action, and awarding such other relief as this Court considers just and proper.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER #3415
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of June, 2006, I forwarded a copy of Defendant's Answer, by postage prepaid mail, to Kristin E. Ferris, Esq., KECHES & MALLEN, P.C., 122 Dean Street, Taunton, MA 02780.