**Elvin H. SOTO, et al., Plaintiffs, Appellants,**

**v.**

**UNITED STATES of America, Defendant, Appellee.**

**No. 93-1158.**

United States Court of Appeals, First Circuit.

Heard Oct. 5, 1993.

Decided Dec. 10, 1993.

Personal injury action was filed against the United States under Federal Tort Claims Act arising out of motor vehicle collision between automobile driven by plaintiff and vehicle operated by sergeant of United States Army Reserves. After bench trial, the United States District Court for the District of Puerto Rico, Andrew A. Caffrey, Senior District Judge, found plaintiff 90% at fault and defendant ten percent at fault and awarded damages of $250,000. Plaintiffs appealed. The Court of Appeals, Rosenn, Senior Circuit Judge, sitting by designation, held that: (1) trial court's findings that plaintiff was 90% at fault for failing to yield right-of-way at intersection and that defendant was ten percent at fault for failing to apply his brakes were not clearly erroneous, and (2) plaintiffs' conclusory argument that amount of damages awarded was not reasonable was insufficient to justify overturning of award.

Affirmed.

**1. Federal Courts ⚷863**

Court of Appeals reviewed trial court's findings of fact and determination of degree of negligence assignable to plaintiffs and defendant in action under Federal Tort Claims Act only for clear error, where trial court applied proper legal standard to facts of case. 28 U.S.C.A. § 1346(b).

**2. Federal Courts ⚷776, 866**

District court's findings of fact and apportionment of liability are reviewable by Court of Appeals only for clear error; however, if it appears that district court applied erroneous legal standard to facts, Court of Appeals' review will be de novo.

**3. United States ⚷78(14)**

In claims brought under Federal Tort Claims Act, court must apply law of place where negligent act occurred. 28 U.S.C.A. § 1346(b).

**4. Automobiles ⚷171(8)**

Under Puerto Rican law, there is duty upon driver on preferential highway to observe due care in approaching and crossing intersection and to drive as prudent person would to avoid collision. 9 L.P.R.A. § 951.

**5. Negligence ⚷98**

Under Puerto Rican law, trial court's assignment of 90% of fault to plaintiff based on his failure to yield right-of-way to oncoming vehicle on preferential highway and ten percent of fault to defendant for failing to apply brakes when he saw plaintiff's automobile moving into intersection were not clearly erroneous. 9 L.P.R.A. § 951; 31 L.P.R.A. § 5141.

**6. Federal Courts ⚷877**

**United States ⚷143**

Manner of determining damages to be awarded in Federal Tort Claims Act case falls within sound judgment and discretion of fact finder and will not be overridden without substantial cause; thus, Court of Appeals reviews fact finder's determination of damages only for clear error. 28 U.S.C.A. § 1346(b).

**7. Federal Courts ⚷714, 875**

Plaintiffs' conclusory argument that amount of damages awarded in negligence action against United States arising out of automobile collision was not reasonable failed to demonstrate that amount of damages awarded in case lacked proper basis in record and in law so as to justify overturning of damages award. 28 U.S.C.A. § 1346(b).

**8. Damages ⚷127**

Infinite variables involved in award for pain and suffering dictate that each case should be reviewed by unique facts presented

and should not be controlled by judgments rendered in other cases.

---

Antonio Montalvo Nazario, for plaintiffs, appellants.

Isabel Munoz Acosta, Asst. U.S. Atty., with whom Charles E. Fitzwilliam, U.S. Atty., was on brief, for defendant, appellee.

Before TORRUELLA, Circuit Judge, ROSENN,* Senior Circuit Judge, and STAHL, Circuit Judge.

ROSENN, Senior Circuit Judge.

After exhausting their administrative remedies, plaintiffs-appellants Elvin H. Soto, his wife, Millie Torres Muniz, and her two sons, Augustin Lebron Torres and Daniel Lebron Torres brought an action against the United States of America (the Government) pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). The plaintiffs sought to recover damages for injuries suffered as a result of a motor vehicle collision between an automobile driven by Soto and a vehicle operated by Sergeant Narciso Galarza Gonzalez (Galarza) of the United States Army Reserves. The Government filed a counterclaim for damages to the government vehicle operated by Galarza.

After a bench trial, the court found Soto ninety percent at fault and the Government ten percent at fault and dismissed the counter-claim for lack of evidence. The court further held that under Puerto Rico law, the negligence of Soto could not be imputed to any of the other passengers of his vehicle. Accordingly, the court entered judgment against the Government for damages aggregating $250,000.[1] The plaintiffs filed a timely notice of appeal to this court.[2] The Government did not cross-appeal. We affirm.

## I.

On February 9, 1990, at approximately 1:30 p.m., Soto was driving his father's automobile on State Road 465 in Aguadilla, Puerto Rico. At that time, Soto had a learner's permit but no driver's license. Riding in the car with Soto were his wife and her two sons from a previous marriage.

On the day of the accident, Soto stopped the vehicle at a stop sign at the intersection of State Road 465 and State Road 110. State Road 110 is a major highway and State Road 465 is a secondary road. Because the stop sign on State Road 465 is some distance from the intersection, Soto came to a full stop and then began to inch his way into the intersection. As Soto did so, Galarza approached the intersection in a three-quarter ton United States Army truck.

The trial court found that it was raining at the time the two vehicles approached the intersection and that Galarza was able to view the intersection from a distance of about 400 feet. The court further found that Galarza saw the plaintiffs' vehicle when he was approximately ten or eleven truck lengths away from the intersection and that he slowed down his vehicle by easing his foot off of the accelerator. However, Galarza did not apply his brakes until he was within one and one-half truck lengths of the plaintiffs' automobile. A collision occurred between the front of the United States Army truck and the left side of the plaintiffs' vehicle.

All of the plaintiffs suffered injuries, with Augustin suffering the most severe injuries. The plaintiffs sought damages for pain and suffering due to their bodily injuries and Muniz also sought damages for the mental anguish she experienced due to her son Augustin's injuries. On appeal, the appellants argue that the district court erred in the assignment to Soto of ninety percent of the negligence for the motor vehicle accident and in the sum awarded as damages to the appellants.

## II.

[1, 2] The appellants first argue that the district court erred in assigning its appor-

* Of the Third Circuit, sitting by designation.

1. The court awarded $5,000 to Soto; $10,000 to Muniz for pain and suffering and $10,000 for emotional distress for Augustin's injuries; $225,000 to Augustin; and $500 to Daniel.

2. We exercise jurisdiction over this matter under 28 U.S.C. § 1295(a)(2).

tionment of the negligence for the motor vehicle accident. A district court's findings of fact and apportionment of liability are reviewable by this court only for clear error. *Puerto Rico Ports Authority v. M/V Manhattan Prince,* 897 F.2d 1, 4–5 (1st Cir.1990). If it appears that a district court applied an erroneous legal standard to the facts, however, our review will be *de novo.* *Clement v. United States,* 980 F.2d 48, 53 (1st Cir.1992) (citing *Puerto Rico Ports Authority,* 897 F.2d at 4). Here, the trial court applied the proper legal standard to the facts of this case, and thus we review the court's findings of fact and determination of the degree of negligence assignable to Soto and Galarza only for clear error.

[3] In claims brought under section 1346(b) of the FTCA, a court must apply the "law of the place" where the negligent act occurred. *See, e.g., Vega–Mena v. United States,* 990 F.2d 684, 689 (1st Cir.1993). Claims for negligence in Puerto Rico are governed by 31 L.P.R.A. § 5141 (1990). This statute provides that contributory negligence by the plaintiff does not exempt a defendant from liability; "[c]oncurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity."

[4] Under Puerto Rico law, a person who is entering a highway from an alley, building, private road, or driveway must yield the right of way to any vehicle approaching on the public highway. 9 L.P.R.A. § 951 (1990). Nevertheless, there is a duty upon a driver on a preferential highway to observe due care in approaching and crossing the intersection and to drive as a prudent person would to avoid a collision. *Damiani Franco v. Donatiu Maldonado,* 95 P.R.R. 809, 816 (1968); *Carolina Casualty Co. v. Guzman,* 87 P.R.R. 857, 858–59 (1963).

[5] The district court found that the facts of two cases, *Flores Ortiz v. F. & J.M. Carrera, Inc.,* 83 P.R.R. 320 (1961) and *Carolina Casualty,* 87 P.R.R. 858, are closely analogous to the facts of this case. In *Flores Ortiz,* the plaintiff driver was traveling on a secondary highway toward an intersection with a main highway. The plaintiff driver stopped at the intersection and observed the defendant's truck, but thought that he could safely cross the intersection. The defendant observed the plaintiffs' vehicle begin to move into the intersection, but he assumed that the plaintiff driver would stop when he got closer to the defendant's lane and therefore only applied his brakes just prior to the collision. The court found that the plaintiff driver, who was traveling on the secondary highway, should have waited for the defendant's truck to pass before attempting to cross the intersection. The court also found that when the defendant saw the plaintiff driver start to cross the main highway, he should have immediately taken the necessary precautions to avoid the collision, applying the brakes, reducing his speed, and not assuming that the plaintiff driver would stop. Therefore, the court held that both drivers were negligent and were equally responsible for the accident. The facts of the *Flores Ortiz* case closely resemble what occurred in this case between Soto and Galarza.

In *Carolina Casualty,* the converse occurred; the plaintiff had the right of way and the defendant was traveling on a secondary road. The defendant stopped at the intersection and observed the plaintiff's vehicle, but thought that he could cross before the plaintiff approached. At the time of the accident, the plaintiff was traveling at about 30 miles per hour in a thickly populated urban zone. The plaintiff did not apply his brakes and admitted that he did not see the defendant's vehicle until the very moment of the collision. Relying on *Flores Ortiz,* the court held that both drivers were negligent and equally responsible for the accident.

In this case, the district court carefully considered the facts and determined that the differences between the above cases and this case justified an assignment of ninety percent of the fault to Soto and ten percent to the Government. The court determined that Soto, who was traveling on a secondary road at the time of the collision, had been negligent for failing to yield the right of way and Galarza, who was traveling on a major highway, had been negligent in failing to apply his brakes when he saw Soto's automobile moving into the intersection. Galarza did

not apply his brakes until he was within one and one-half truck lengths from the plaintiffs' vehicle. The court appropriately reduced the amount of fault assigned to Galarza based on such factors as Galarza's exercise of sufficient care to see Soto's vehicle stopped at the intersection, the presence of a stop sign at Soto's entrance to the intersection, the bald tires on Soto's vehicle, and the sparsely populated location of the intersection. Therefore, we cannot say that the court's findings of fact as to the negligence of Soto and Galarza and its assignment of ninety percent of the fault to Soto based on his failure to yield the right of way to Galarza under the circumstances of this case were clearly erroneous.

III.

**[6]** Next, the appellants contend that the district court erred in determining the amount of damages awarded to them. The matter of determining damages to be awarded falls within the sound judgment and discretion of the factfinder and will not be overridden without substantial cause. *Ruiz v. Gonzalez Caraballo,* 929 F.2d 31, 34 (1st Cir.1991). Thus, this court reviews the factfinder's determination of damages only for clear error. *Reilly v. United States,* 863 F.2d 149, 166 (1st Cir.1988).

**[7, 8]** The appellants contend that the amount of damages awarded in this case was not reasonable. As meager support for this contention, the appellants set forth details of Augustin's injuries only and compare the amount of damages awarded in two other cases: *Caron v. United States,* 410 F.Supp. 378 (D.C.R.I.), *aff'd* 548 F.2d 366 (1st Cir. 1976), and *Griffin v. United States,* 500 F.2d 1059 (3d Cir.1974). The facts of the cited cases, however, are not sufficiently similar to this case to serve as a worthwhile comparison.[3] Moreover, the infinite variables involved in an award for pain and suffering dictate that each case should be viewed by the unique facts presented and should not be controlled by judgments rendered in other cases. *See Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 579–80 (1st Cir.1989). The appellants do not point to any evidence in the record, medical or otherwise, to bolster their argument that the sum of damages awarded was erroneous. Their conclusory argument utterly fails to demonstrate that the amount of damages awarded in this case lacks a proper basis in the record and in the law, and thus will not be overturned.

IV.

We see no error in the district court's assignment of ninety percent of the fault to Soto based on his negligence or in the amount of damages awarded to the appellants.

The judgment of the district court is

*Affirmed.*

**UNITED STATES, Appellee,**

**v.**

**Luis SOLTERO–LOPEZ, Appellant.**

**No. 93–1170.**

United States Court of Appeals, First Circuit.

Heard Nov. 4, 1993.

Decided Dec. 13, 1993.

Defendant pled guilty to importing cocaine and related charges and was sentenced by the United States District Court for the District of Puerto Rico, Carmen Consuelo Cerezo, J., and he appealed. The Court of Appeals, Stephen G. Breyer, Chief Judge, held that taking into account defendant's conduct, including his "key" and supervisory role

3. In *Caron,* the plaintiffs brought suit against the Government for alleged tortious conduct of Army medical personnel in administering certain inoculations to their infant. In *Griffin,* the plaintiffs sued the Government for injuries allegedly sustained by plaintiff wife from the ingestion of oral live virus polio vaccine.