There is no evidence in the record to suggest that the district court did not follow that plan in selecting the jury panel for this case.

Therefore, the judgment of the district court is affirmed.

**Gerald E. WILLIAMS, etc., Plaintiffs, Appellees,**

**v.**

**UNITED STATES of America, Defendant, Appellant.**

**No. 7588.**

United States Court of Appeals, First Circuit.

Dec. 11, 1970.

Action under Federal Tort Claims Act to recover for wrongful death of son of naval chief petty officer. Prior to trial, government admitted liability, and trial was held on damages only. The United States District Court for the District of Rhode Island, Raymond J. Pettine, J., entered judgment at figure determined, and government appealed. The Court of Appeals, Aldrich, Chief Judge, held that in looking to Rhode Island cases involving wrongful death of minors who had not yet shown an earning capacity, and in finding that gross earnings of plaintiff's minor decedent, who had wanted a naval career, plus expenses which must be deducted therefrom to reach net recovery obtainable, would be the same as his father's navy pay, trial court, by calculating in terms of predicated full base pay, omitting only expenses covered by a naval officer's allowances, misinterpreted measure of damages for wrongful death under Rhode Island law by failing to deduct cost of supporting dependents that an adult male may reasonably be expected to have, and other expenses not covered by allowances.

Vacated and case remanded.

**1. Death ⊂=95(2)**

In determining amount of damages to be awarded for wrongful death of plaintiff's minor decedent, trial court correctly stated, under Rhode Island law, that the only relevant earnings were those after age 21; any before that age did not belong to decedent. Gen.Laws R.I.1956, § 10–7–1.

**2. Death ⊂=95(2)**

Although trial court, in determining damages to be awarded for wrongful death of plaintiff's nine-year-old decedent, warrantably found that decedent had a probable earning period of 39 years, from age 21 to age 60, it should not have evaluated a 39-year earning period commencing forthwith in discounting future earnings, but should have measured present worth of a period of earnings which would begin at a distant date, and should have further discounted resulting figure from age 21 back to date of death, to recognize a fallow period of 12 years. Gen.Laws R.I. 1956, § 10–7–1.

**3. Death ⊂=95(2, 3)**

Rhode Island law governing damages for wrongful death compensates only for loss to estate, not for pecuniary losses of survivors, and all expenses which decedent would have had to lay out as a producer must be considered to extent that they could reasonably be expected to prevent an accumulated estate. Gen.Laws R.I.1956, § 10–7–1.

**4. Death ⊂=95(2)**

In looking to Rhode Island cases involving wrongful death of minors who had not yet shown an earning capacity, and in finding that gross earnings of plaintiff's minor decedent, who had wanted a naval career, plus expenses which must be deducted therefrom to reach net recovery obtainable, would be the same as his father's navy pay, trial court, by calculating in terms of predi-

cated full base pay, omitting only expenses covered by a naval officer's allowances, misinterpreted measure of damages for wrongful death under Rhode Island law by failing to deduct cost of supporting dependents that an adult male may reasonably be expected to have, and other expenses not covered by allowances. Gen.Laws R.I.1956, § 10–7–1.

**5. Death ⚷95(1)**

In determining damages for wrongful death under Rhode Island law, speculation as to future inflation, in making predictions of an accumulated estate, is inadmissible.

---

Joseph C. Johnston, Jr., Asst. U. S. Atty., with whom Lincoln C. Almond, U. S. Atty., was on brief for defendant-appellant.

Alan T. Dworkin, Providence, R. I., for plaintiffs-appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

On a morning in August, 1966 nine-year old Rodney Williams, son of a naval chief petty officer, was brought by his mother to a government hospital with substantial complaints. Although he was entitled to treatment, the medical officer in charge refused to admit him, concluding that he merely had a digestive upset. His mother reported increasing symptoms during the day, but was again restricted to palliative advice. That night Rodney died. Suit was brought by his administrator under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Prior to trial the government admitted liability, and trial was had on damages only. The court determined, on uncontradicted testimony, that the boy had been of excellent character, alert, industrious and intelligent; that his father had an unblemished naval career and was a fine parent; that the boy had wanted a naval career; that his father had planned for him to go to college, and that his older siblings were being well brought up and well educated. The court warrantably found that Rodney had a probable earning period of 39 years, from age 21 to age 60. Looking to the Rhode Island cases involving wrongful death of minors who have not yet shown an earning capacity, which place some emphasis upon the station and earnings of the parent,[1] it found that Rodney's gross earnings, and the expenses which must be deducted therefrom to reach the net recovery obtainable in this case, would be the same as his father's navy pay, deducting his allowances. Accordingly, it took the father's navy pay for his median earning year, $6,708, and multiplied that figure by 39, yielding $261,612. This it commuted, using 4% interest tables, to obtain a discounted value of $131,342.64, and entered judgment in that amount. The government appeals.

[1, 2] We note at the outset that even on the court's own theory its calculations discounting the future earnings omitted an essential step. It stated, correctly under Rhode Island law, that the only relevant earnings were those after age 21; any before that age would not belong to the decedent. *See* Dimitri v.

1. The Rhode Island court feels such matters, being indicative of the child's general upbringing, are indicative of his potential earnings. Zannelle v. Pettine, 1931, 51 R.I. 359, 155 A. 236; Gill v. Laquerre, 1931, 51 R.I. 158, 152 A. 795. Beyond this generalization, however, the court offers little help. In *Gill* it reversed a finding that a minor child would become a teacher, based simply on the fact that the parent had wanted it to become one. In the case at bar Rodney had expressed the desire to be in the Navy; his father agreed, but wanted him to go to college as his two oldest brothers already had. How the finder of fact is to treat such evidence where the child was only nine years old we must leave in the first instance to the district court. Our present concern relates not to gross earnings, but to the permissible assumptions underlying the estimate of necessary deductions.

Peter Cienci & Son, 1918, 41 R.I. 393, 399, 103 A. 1029. The court's discounting, however, evaluated a 39-year earning period commencing forthwith; it did not measure the present worth of a period of earnings which would begin at a distant date. The figure of $131,342 should have been further discounted from age 21 back to the date of death, to recognize a fallow period of twelve years. Again using 4% tables, this would reduce the present value of a future $261,612 recovery to $82,089.[2]

[3] More basically, however, we agree with the government that by calculating in terms of the predicted full base pay, omitting only expenses covered by a naval officer's allowances, the court misinterpreted the measure of damages for wrongful death under Rhode Island Gen.Laws 1956, § 10-7-1. It properly ruled that pain and suffering of the decedent, and of his survivors, as well as punitive damages, are excluded. McCabe v. Narragansett Elec. Lighting Co., 1904, 26 R.I. 427, 434, 59 A. 112 (hereinafter *McCabe I*), followed in, *e.g.*, Burns v. Brightman, 1922, 44 R.I. 316, 319-320, 117 A. 26. More importantly, in another early case the Rhode Island court stated that suit under its statute "should be considered as though it were brought, in behalf of the estate of the decedent, for the damage to that estate. * * *" McCabe v. Narragansett Elec. Lighting Co., 1905, 27 R.I. 272, 278, 61 A. 667, 670 (*McCabe II*). This statement was repeated in Dimitri v. Peter Cienci & Son, ante, 41 R.I. at 397, 103 A. 1029. These cases explicitly distinguished actions in other states that compensate the pecuniary losses of survivors. *See* Read v. Dunn, 1927, 48 R.I. 437, 440, 138 A. 210, 212 ("the damages are not * * * those suffered by the relatives of the deceased. * * * The damages are for, and are measured by, *the loss to the estate* of the deceased. * * *") (emphasis ours.)[3] The court apparently failed to appreciate the full implications of the fact that the statute compensates only for the loss to the estate. It is in this context that it should have read the language which it quoted from *McCabe I*, ante (reaffirmed in Gill v. Laquerre, n. 1 ante, 51 R.I. at 160, 152 A. at 796) that the measure is the "prospective income or earnings, [less] what the deceased would have to lay out as a producer * * * computing such expenses according to his station in life, his means and personal habits, * * *" Under Rhode Island law all expenses must be considered to the extent that they could reasonably be expected to prevent an accumulated estate.[4]

[4] By deducting from the father's gross earnings only his navy allowances, the district court neglected many ordinary and necessary living expenses not normally covered by allowances. Either it assumed that the decedent would not have incurred such expenses—an assumption we could not let stand,—or it incorrectly found that "loss to the estate" means something more than

2. In passing, we note that to the extent that it may be unrealistic to assume the same realized earnings (or savings, see post) early in life as in one's later productive years, the court further weighted the discounting in favor of the plaintiff by calculating earnings in terms of a median year. For example, using 4% tables, the present value of $2,000 net earnings forthwith and $10,000 to be earned twenty years from now is $6,564. But if one assumes a constant figure, the present value of $6,000 forthwith and $6,000 in the twentieth year is $8,738.

3. While these are old decisions, the district court correctly observed that there is no later "indication of a drifting trend."

4. Admittedly the Rhode Island court, while speaking of loss to the estate, has never relied on the use of the words "savings" or "accumulated estate." See, however, Gill v. Laquerre, n. 1 ante. There the court held the trial court's inquiry into what the minor child would have been able to "save" as a teacher improper, but it did so because it could not be determined that the child would have become a teacher. In sending the case back for a new trial it did not criticize the concept of savings as the measure of damages.

decedent's lost savings. In particular, by not deducting the cost of supporting the dependents that an adult male may reasonably be expected to have, the court was awarding precisely the support money which would be received by putative beneficiaries during the decedent's lifetime, which the Rhode Island statute, perhaps recognizing the unlimited exposure of another rule, does not allow.

Plaintiff says that even if the district court may have misunderstood the components of the Rhode Island rule, in point of fact the amount of the finding was not excessive, and should stand. To this there are several answers. The first is that under Fed.R.Civ.P. 52 the court, sitting without jury, is required to find the facts. It is not open to the plaintiff to say that if the court had found different facts it could have supported the figure reached. More fundamentally, we believe that the court's figure, even if properly discounted to $82,089, could not reasonably be reached by any warrantable findings using the proper measure. To find that a nine-year old boy would have accumulated an estate of a quarter of a million dollars ranges far into impermissible fields of speculation and surmise.

[5] Nor, finally, can we accept plaintiff's argument that the anticipated future earnings are to be increased by some multiple taken out of the air in the name of future inflation. While plaintiff submitted a number of cases making reference to inflation, most of them are simply rejections of comparisons with past verdicts, on the ground that subsequent, already demonstrated, inflation has made the comparison inapposite. None clearly accept the use of predictions as to future inflation. While we have found a case which may be read as speaking in terms of future inflation, Southern Pac. Co. v. Zehnle, 9 Cir., 1947, 163 F.2d 453, and one which must be so regarded, Brooks v. United States, D.S.C., 1967, 273 F.Supp. 619, both rely exclusively on cases involving inflation already established. Particularly in considering predictions of an accumulated estate, which, if there is inflation, must be adjusted for possibly inflated expenses as well as earnings, we consider such speculation inadmissible. Armentrout v. Virginia Ry., S.D.W.Va., 1947, 72 F.Supp. 997, rev'd on other grounds, 4 Cir., 166 F.2d 400; Hodkinson v. Parker, 1944, 70 S.D. 272, 16 N.W.2d 924; *cf.* McWeeney v. New York, N.H. & H. R.R., 2 Cir., 1960, 282 F.2d 34, 38 (dictum), cert. denied 364 U.S. 870, 81 S.Ct. 115, 5 L.Ed.2d 93. In favoring plaintiff by using 4% interest tables at a time when interest income is obtainable at 6% and over, the court already did as much for plaintiff as could possibly be justified.

The judgment of the district court is vacated and the case remanded for a new trial on damages, consistent with this opinion.

**Catherine COLE et al., Plaintiffs, Appellees,**

**v.**

**HOUSING AUTHORITY OF the CITY OF NEWPORT et al., Defendants, Appellants.**

**No. 7680.**

United States Court of Appeals, First Circuit.

Dec. 7, 1970.

Civil rights action. The United States District Court for the District of Rhode Island, Raymond J. Pettine, J., entered summary judgment for plaintiffs, 312 F.Supp. 692, and defendants appealed. The Court of Appeals, Coffin, Circuit Judge, held that two-year residency requirement imposed on applicants for admission to federally-aided, low-rent, public housing projects was violative of equal protection clause.

Affirmed.