Westlaw.



Hatch v. Burke
R.I.Super.,1980.
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Rhode Island.
Richard HATCH, as father of, and Margaret Hatch, as mother of, Kenneth Hatch, a minor, deceased.
v.
Francis D. BURKE, Alias
**No. C.A. 77-170.**

Feb. 5, 1980.

*DECISION*

BULMAN, J.

***1** This action for wrongful death of a boy then almost fourteen years of age was not answered and defendant was defaulted. Brief testimony was presented at the hearing on damages by the plaintiffs and by a Holy Cross College football scout. Twelve exhibits were introduced, some of which went to the decedent's school record, some to the happening of the accident (relevant to the count for punitive damages), and one (Plaintiffs' # 12) was the affidavit which incorporated the opinion of plaintiffs' expert on damages. There was no evidence of pain and suffering, so the Court considers the pecuniary damages under *R.I.G.L.1969 § 10-7-1.1* as amended. And the Court has re-read for its guidance *Gill v. Laquerre,* 51 R.I. 158, and *Zannelle v. Pettine,* 51 R.I. 359, as they apply to the death of a minor, and *Romano v. Duke,* 111 R . I. 459, as it interprets *§ 10-7-1.1* as amended.

The Court has taken the work expectancy of 43.3 years (witness Kennan) and put together several figures of its own, based on different projected earnings, different estimated income taxes, different estimated personal expenses and different discount values. The results, of course, were such as would be expected in an adversary proceeding-plaintiffs' figures high and defendant's figures low. Enlightened but not bound by the Kennan figures, the Court holds that a full, fair and adequate award of damages under the statute is $400,000.

Count Two seeks punitive damages. The Court has before it evidence that defendant was, at the time of the accident, under the influence of alcohol and drugs, and speeding. He was tried in Newport last October and found guilty of driving to endanger death resulting. (*State v. Francis Burke,* N2 79-86). But the Court is reluctant to order payment of punitive damages on the facts here. Culpable as Burke was, the Court is not satisfied it should so exercise its discretion. See *Berberian v. New England T & T Co.,* 117 R.I. 629.And at least one Court thinks the Rhode Island wrongful death statute is per se partly punitive. See *D'Ambra v. United States of America,* 481 F.2d 14.Count Two is denied and dismissed.

The Clerk will enter judgment for plaintiffs for $400,000 plus interest at 8% from May 2, 1977 in the amount of $88,020.68, a total of $488,020.68, and costs.

R.I.Super.,1980.
Hatch v. Burke
Not Reported in A.2d, 1980 WL 336030 (R.I.Super.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.