UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SCOTT E. YOUMAN, Sr., Individually and as Administrator of the Estates of PAULA J. YOUMAN and WILLIAM P. YOUMAN and as Father and Next Friend of the Minors, SCOTT YOUMAN, JR. and RICHARD YOUMAN,
Plaintiffs

v.

UNITED STATES OF AMERICA,
Defendant

C.A. NO. 05-535T

# FIRST AMENDED COMPLAINT

## FACTS and PARTIES

1. This is an action for conscious pain and suffering and wrongful death brought by the plaintiff pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C., §1346 et seq. arising from the circumstances relating to the medical care and treatment rendered to the plaintiff's decedents, Paula J. Youman and William P. Youman, who died on March 21, 2003.

2. The plaintiff, Scott E. Youman, Sr., is the husband and duly appointed Administrator of the Estate of Paula J. Youman, and is a resident of Woonsocket, Rhode Island.

3. The plaintiff, Scott E. Youman, Sr. is the father and duly appointed Administrator of the Estate of William P. Youman.

4. The minor plaintiff Scott Youman, Jr., is the son of Paula J. Youman and is a resident of Woonsocket, Rhode Island.

5. The minor plaintiff Richard Youman, is the son of Paula J. Youman and is a resident of Woonsocket, Rhode Island.

6. The defendant, the United States of America, is a sovereign entity within the meaning of 28 U.S.C. §1346 et seq.

7. At all material times, the defendant United States of America operated a medical facility known as Thundermist Health Center, located in Woonsocket, Rhode Island.

8. Lisa M. Jones, M.D., is a physician licensed to practice medicine in the State of Rhode Island.

9. At all relevant times, Lisa M. Jones, M.D. was employed by The Thundermist Health Center and was therefore an agent, servant or employee of the federal government. Dr. Jones provided medical care and treatment to the decedent, Paula Youman, and to the minor decedent, William Youman.

10. Laurie A. Curry, M.D., is a physician licensed to practice medicine in the State of Rhode

Island.

11. At all relevant times, Laurie A. Curry, M.D. was employed by The Thundermist Health Center and was therefore an agent, servant or employee of the federal government. Dr. Jones provided medical care and treatment to the decedent, Paula Youman, and to the minor decedent, William Youman.

12. The plaintiff has complied with all conditions precedent to the bringing of this cause of action, including proper presentment of the claim within the time period specified by 28 U.S.C., §2401(b).

PLAINTIFF SCOTT E. YOUMAN, SR.'S CLAIMS, AS ADMINISTRATOR OF THE ESTATE OF PAULA J. YOUMAN, AS TO THE DEFENDANT UNITED STATES OF AMERICA

COUNT I - NEGLIGENCE

13. The plaintiff repeats and incorporates the foregoing paragraphs as if each were set forth here in its entirety.

14. The defendant United States of America, by and through its agents, servants and/or employees, including agents, servants and/or employees of The Thundermist Health Center, rendered medical treatment to the decedent, Paula J. Youman, and therefore owed to the decedent a duty of due care in accordance with accepted standards of medical care and treatment.

15. The defendant breached its duty when its agents, servants and/or employees negligently and carelessly treated the decedent in a manner which resulted in the decedent's conscious pain and suffering and wrongful death.

16. The decedent's injuries and wrongful death were the direct and proximate result of the defendant's carelessness, unskillfulness, negligence and improper care and treatment.

WHEREFORE, the plaintiff demands judgment against the defendant for the above-described damages, plus interest and costs.

COUNT II - FAILURE TO OBTAIN INFORMED CONSENT

17. The plaintiff repeats and incorporates the foregoing paragraphs as if each were set forth here in its entirety.

18. At all relevant times, average qualified members of the medical profession practicing the defendant's specialty, including the defendant, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff.

19. The defendant did not inform the decedent of the alternatives to, risks and potential consequences of the defendant's choice of treatment of the decedent.

20. If the defendant had informed the decedent of the alternatives to, risks and potential consequences of the defendant's choice of treatment, neither the decedent nor a reasonable person in her position would have elected the defendant's choice of treatment.

21. The alternatives to, risks and potential consequences of the defendant's choice of treatment were material to a decision by the decedent and a reasonable person in her position as to whether to elect the defendant's choice of treatment.

22. The decedent's injuries and wrongful death were the direct and proximate result of the defendant's failure to obtain informed consent.

WHEREFORE, the plaintiff demands judgment against the defendant for the above-described damages, plus interest and costs.

PLAINTIFF SCOTT E. YOUMAN, SR.'S CLAIM
AS TO THE DEFENDANT UNITED STATES OF AMERICA

COUNT III - LOSS OF CONSORTIUM

23. The plaintiff repeats and incorporates the aforementioned paragraphs as if each were set forth here in its entirety.

24. As a direct and proximate result of the defendant's negligence, failure to obtain informed consent, and gross negligence, the plaintiff suffered the loss of the society, companionship and consortium of his wife.

WHEREFORE, the plaintiff demands judgment against the defendant for the above-described injuries, plus interest and costs.

MINOR PLAINTIFF SCOTT YOUMAN, JR.'S CLAIM
AS TO THE DEFENDANT UNITED STATES OF AMERICA

COUNT IV - LOSS OF CONSORTIUM

25. The plaintiff repeats and incorporates the aforementioned paragraphs as if each were set forth here in its entirety.

26. As a direct and proximate result of the defendant's negligence, failure to obtain informed consent, and gross negligence, the plaintiff suffered the loss of the society, companionship and consortium of his mother.

WHEREFORE, the plaintiff demands judgment against the defendant for the above-described injuries, plus interest and costs.

COUNT V - LOSS OF CONSORTIUM

27. The plaintiff repeats and incorporates the aforementioned paragraphs as if each were set forth here in its entirety.

28. As a direct and proximate result of the defendant's negligence, failure to obtain informed consent, and gross negligence, the plaintiff suffered the loss of the society, companionship and consortium of his brother.

WHEREFORE, the plaintiff demands judgment against the defendant for the above-

described injuries, plus interest and costs.

MINOR PLAINTIFF RICHARD YOUMAN'S CLAIM
AS TO THE DEFENDANT UNITED STATES OF AMERICA

COUNT VI - LOSS OF CONSORTIUM

29. The plaintiff repeats and incorporates the aforementioned paragraphs as if each were set forth here in its entirety.

30. As a direct and proximate result of the defendant's negligence, failure to obtain informed consent, and gross negligence, the plaintiff suffered the loss of the society, companionship and consortium of his mother.

WHEREFORE, the plaintiff demands judgment against the defendant for the above-described injuries, plus interest and costs.

COUNT VII - LOSS OF CONSORTIUM

31. The plaintiff repeats and incorporates the aforementioned paragraphs as if each were set forth here in its entirety.

32. As a direct and proximate result of the defendant's negligence, failure to obtain informed consent, and gross negligence, the plaintiff suffered the loss of the society, companionship and consortium of his brother.

WHEREFORE, the plaintiff demands judgment against the defendant for the above-described injuries, plus interest and costs.

PLAINTIFF SCOTT E. YOUMAN, SR.'S CLAIMS, AS ADMINISTRATOR OF
THE ESTATE OF WILLIAM P. YOUMAN,
AS TO THE DEFENDANT UNITED STATES OF AMERICA

VIII - NEGLIGENCE

33. The plaintiff repeats and incorporates the foregoing paragraphs as if each were set forth here in its entirety.

34. The defendant United States of America, by and through its agents, servants and/or employees, including agents, servants and/or employees of The Thundermist Health Center, rendered medical treatment to the decedent, Paula J. Youman, and therefore owed to the decedent a duty of due care in accordance with accepted standards of medical care and treatment.

35. The defendant breached its duty when its agents, servants and/or employees negligently and carelessly treated the decedent in a manner which resulted in the decedent's conscious pain and suffering and wrongful death.

36. The decedent's injuries and wrongful death were the direct and proximate result of the defendant's carelessness, unskillfulness, negligence and improper care and treatment.

WHEREFORE, the plaintiff demands judgment against the defendant for the above-described damages, plus interest and costs.

IX - FAILURE TO OBTAIN INFORMED CONSENT

37. The plaintiff repeats and incorporates the foregoing paragraphs as if each were set forth here in its entirety.

38. At all relevant times, average qualified members of the medical profession practicing the defendant's specialty, including the defendant, knew or should have known of the risks, potential consequences and alternatives to the defendant's choice of treatment of the minor plaintiff.

39. The defendant did not inform the decedent of the alternatives to, risks and potential consequences of the defendant's choice of treatment of the decedent.

40. If the defendant had informed the decedent of the alternatives to, risks and potential consequences of the defendant's choice of treatment, neither the decedent nor a reasonable person in her position would have elected the defendant's choice of treatment.

41. The alternatives to, risks and potential consequences of the defendant's choice of treatment were material to a decision by the decedent and a reasonable person in her position as to whether to elect the defendant's choice of treatment.

42. The decedent's injuries and wrongful death were the direct and proximate result of the defendant's failure to obtain informed consent.

WHEREFORE, the plaintiff demands judgment against the defendant for the above-described damages, plus interest and costs.

JURY CLAIM

The plaintiff requests a jury trial on all claims as set forth herein.

Respectfully submitted,

The plaintiff, Scott E. Youman, Sr.,
By his Attorneys,

KECHES & MALLEN, P.C.

/s/ Charlotte E. Glinka
CHARLOTTE E. GLINKA
122 Dean Street
Taunton, MA 02780
(508) 822-2000

and

/s/ Jeffrey W. Padwa
Padwa Law
R.I. Bar I.D. No. 5130
303 Jefferson Blvd.
Warwick, RI 02888
(401) 921-4800