IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT COURT OF RHODE ISLAND

| | | |
|---|---|---|
| SCOTT E. YOUMAN, Sr., Individually, and | ) | |
| as Administrator of the Estates of | ) | |
| PAULA J. YOUMAN and WILLIAM P. | ) | |
| YOUMAN, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. NO.: 05 - 535T |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDATION OF GUARDIAN AD LITEM OF
SCOTT YOUMAN, JR. AND RICHARD YOUMAN**

    Now comes Richard A. Boren and states that he was appointed Guardian ad Litem in the above-captioned matter by Order of this Honorable Court dated _____, 2008. This matter comes before this Court based upon the proposed settlement between Plaintiffs and Defendant, United States of America.

    In preparing this report, Richard A. Boren has performed the following:

    1.    Conference with counsel for the Plaintiffs.

    2.    Conference with Scott Youman Sr., Alvin Youman, Esquire.

    3.    Reviewed pleadings, including Complaint, Answer, Stipulation for Compromise of Settlement and Release.

    4.    Reviewed proposed settlement disbursements.

    5.    Reviewed Plaintiffs' Mediation Brief.

## I. STATEMENT OF FACTS

The settlement in this case arises out of a medical negligence action involving the death of Paula Youman, age 29 and her stillborn son, William Youman, who died in March 2003. Mrs. Youman left surviving her husband, Scott Youman, who is presently age 35, and her two (2) minor children, Scott Jr., presently age 14, and Richard Youman, presently age 8.

It is understood from the pleadings and documents that Paula Youman became pregnant with her son, William in the spring of 2002. Her estimated date of delivery was May 7, 2003.

Between March 10, 2003 and March 18, 2003, Mrs. Youman was treated and examined by Dr. Jones and Dr. Curry. During the course of this treatment, Paula was found to have elevated blood sugar.

On March 20, 2003, Paula Youman was taken by ambulance to Landmark Medical Center with complaints of difficulty breathing. Her blood sugar was found to be extremely high. Mrs. Youman's baby, William, was noted to have died in utero. Mrs. Youman was admitted to the ICU.

On March 21, 2003, at approximately 2:00 a.m., Mrs. Youman had a spontaneous rupture of membranes with the delivery of her stillborn son at 5:45 a.m. At that time, it was determined that Paula Youman was in renal failure with severe metabolic acidosis. Mrs. Youman ultimately suffered cardiac arrest in the early afternoon of March 21, 2003 and was pronounced dead at 2:30 p.m. An autopsy was performed and attributed her death to multisystem organ failure associated with severe hyperglycemia, acute necrotizing pancreatitis, fatty liver, sepsis and intrauterine fetal demise.

## II. MEETING WITH SCOTT YOUMAN, SR. AND ALVIN YOUMAN, ESQUIRE

On July 22, 2008, the undersigned had the opportunity to meet with Scott Youman, Sr., and his uncle, Alvin Youman, Esquire.

Scott Youman, Sr. is age 35 and lives with Scott Jr. and Richard at 419 North Main Street, Woonsocket, RI. Scott Sr. is the owner of Southern New England Limousine Service in Norwood, MA. Although Scott Sr. is not a high school graduate, he has high hopes that both children will attend and graduate from college.

According to Scott Sr., Scott Jr. will be starting Woonsocket High School in the fall of 2008. Scott is an average student, plays trombone in the band, and would like to attend college. This past year has been a fairly good year for Scott psychologically, but the prior few years since his mother's death had been very difficult for him.

According to Scott Sr., Richard is going to be starting third grade in the fall. Richard is a very good student. Acording to Scott Sr., his mother's death has not been as difficult for Richard as it has been for Scott Jr. Based upon Richard's present grades, Scott Sr. is quite positive that Richard will attend college.

Alvin Youman, Esquire attended the meeting both as a close relative and pursuant to his agreement to serve as a trustee. Alvin is a partner at Friedland & Youman, P.C., 13 South 6th Street, New Bedford, MA. Mr. Youman has been practicing law for 34 years. He has a general practice with an emphasis on litigation. Mr. Youman's license to practice has never been suspended, nor has he ever been disciplined. In the recent past, Mr. Youman has served as trustee of a special needs trust and is presently an administrator of a disputed estate. Alvin Youman also stated to the undersigned that his son, Gregory Youman, Esquire, an attorney at Kirkpatrick, Lockhart & Gates in Boston would also agree to serve as a co-trustee if need be.

### III.  SETTLEMENT

A settlement has been negotiated with the United States of America for the total sum of **$1,000,000**. Under R.I.G.L. § 33-1-1, with respect to any payment being paid for the wrongful death of Scott Sr's. son, William, 100% would go to Scott Sr.

Under R.I.G.L. § 10-7-2, for the wrongful death of Paul, one-half (½) would be payable to Scott Sr. and one-half (½) would be payable to Paula's children, Scott Jr., and Richard.

The amount allocated to the wrongful death of William Youman payable to Scott Youman, Sr. is $200,000.

The amount allocated to the wrongful death of Paula Youman is $800,000.

| | |
|---|---|
| One-half (½) payable to Scott Youman, Sr. | $400,000 |
| One-half (½) payable to Scott Jr., and Richard, both as beneficiaries and for loss of consortium/society | $400,000 |
| Less Total Attorneys Fees | -  $250,000 |
| Less Expenses (approximate) | -  $65,000 |
| Net Settlement Amount | **$685,000** |
| Net Amount Payable to Scott Youman, Sr. | $411,000 |
| Net Amount Payable to Scott Youman, Jr. | $137,000 |
| Net Amount Payable to Richard Youman | $137,000 |

### IV.  IRREVOCABLE TRUSTS

Two (2) separate Trusts are being established. There will be one Trust for each child, although the terms of the Trusts are identical. It would be easier and more beneficial for the Trustees to manage the Trusts separately due to differences in the ages of the children. A brief summary of the Trusts is as follows:

Section 1:
The initial Trustees of the Trust are two attorneys who are close relatives of the Scott Youman family. Alvin Youman is a partner at Friedland & Youman, P.C., New Bedford, MA. Alvin Youman has been practicing for thirty-four (34) years and previously served as a Trustee of a Special Needs Trust and is presently the Special Administrator of a disputed estate in Massachusetts. Alvin Youman's son, Gregory Youman, is a partner at the Boston law firm of Kirkpatrick, Lockhart & Gates.

It is the recommendation of the Guardian ad Litem that Scott Youman, Sr. not be a Trustee. In addition, it should be noted that because of the amounts involved, no Rhode Island financial institution is willing to serve as a Co-trustee.

Section 2.3 provides that the each Trust shall terminate as each child attains the age of 25 and that the Trustee shall distribute the balance of the Trust Estate to that child at that time.

Section 2.4 provides that the Trustees can make discretionary distributions from the Trust Estate to benefit each child in whatever manner the Trustees deem appropriate, including providing for each child's education.

Section 3 of the Trust sets forth various definitions applicable to the Trust.

Section 4 of the Trust sets forth the applicable powers of the Trustee.

Section 5 of the Trust again provides that the initial Trustees are Alvin Youman and Gregory Youman, and that if either one shall cease to serve, the other shall continue to serve as sole Trustee. However, if both Alvin Youman and Gregory Youman cease to serve, a professional Trustee shall be appointed by Scott Youman, Sr. Thereafter there shall always be a professional Trustee.

Section 6 provides that the Trust shall be irrevocable.

It should be noted that under the Trust, income and principal will be paid for the benefit of each child in the sole discretion of the Trustees. There are no provisions regarding the support of each child since Scott Youman, Sr. has the legal duty to support each child. However, language has been included that the Trustees will take into consideration other means of obtaining benefits for the children. This will give the Trustees guidance if Scott Youman, Sr. should make requests for expenses that he should be providing.

It should further be noted that the Trust can be amended to qualify either child for governmental benefits should a child become disabled before the age of 25, and the Trust could then be converted into a Special Needs Trust.

## V.  RECOMMENDATION

The Guardian ad Litem recommends to this Honorable Court that it approve the settlement.

/s/ Richard A. Boren
Richard A. Boren - Guardian ad Litem
VISCONTI & BOREN LTD.
55 Dorrance Street
Providence, Rhode Island 02903
(401) 331-3800, (401) 421-9302 (fax)